## LAIRD v HOLAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13808.  Decided June 25, 1934

Sidney H. Moss, Cleveland for plaintiff in error.

Turney & Sipe, Cleveland, for defendant in error.

## OPINION

By LEVINE, J.

Error proceedings are prosecuted in this court seeking a reversal of the judgment of the Common Pleas Court, which sustained the demurrer to the amended petition of plaintiff in error to vacate the judgment formerly entered. We are, of course, limited to the pleadings and a review of same. The amended petition to vacate the judgment sets forth three grounds: (1) Fraud practiced by the plaintiff in error in obtaining the judgment; (2) Unavoidable casualty and misfortune preventing this defendant from defending; (3) False testimony of material facts concerning this defendant.

In the body of the petition is set forth certain details affecting each of the three grounds.  The question before us is—do these grounds, set forth in the amended petition, or either of them, constitute cause for vacating the judgment?

Since the demurrer admits the allegations of the amended petition, it becomes necessary to carefully examine its contents.  It is alleged therein that Mary Holan obtained a judgment against various defendants including Dr. A. W. Laird, and citing the journal entry which reads:

"The parties by their attorneys, come, waive a jury and submit this cause to the court.  On consideration whereof the court finds for the plaintiff against the defendants in the sum of $2535.00."

The petition alleges that the judgment against Dr. Laird was obtained by reason of (1), fraud practiced by the plaintiff in error in obtaining the judgment; (2), unavoidable casualty and misfortune preventing this defendant from defending; (3), false testimony of material facts concerning this defendant, as is more fully set forth herein.  It further alleges that Dr. Laird did not operate on the plaintiff nor attend her in the operation concerning which she complains in her petition, nor did any agent or servant of his attend the plaintiff, and that all of her work was performed by one Dr. Clyde Cable.  There is the further statement that when Dr. Laird was served with summons he was employed by The American Institute of Facial Rejuvenation, Inc.: that he presented the facts to attorneys who prepared his answer which is filed herein; that the attorneys advised him that the trial would not take place for several years and that there was nothing for him to do until again notified by the attorneys; that the American Institute of Facial Rejuvenation, Inc., his employer, left the State of Ohio in the spring of 1931; that he was at all times ready, willing and able to appear and defend the claims made against him by Mary Holan; that he has always had and now has a valid defense to the allegations of the plaintiff made against him; that he was never advised by the attorneys to appear and attend at the trial of the action; that the first he knew of the judgment rendered against him was when there was served upon him an order in aid of execution on July 21, 1933.  It was only at that time that he discovered that his employer, The Americain Institute of Facial

Rejuvenation, Inc., which retained counsel for itself and all other defendants in the action, had instructed the attorneys to disregard the case.

There is much discussion found in the briefs of counsel and in oral argument as to the second and third grounds. Generally speaking, it is true that the neglect of counsel to perform his duty in preparing and presenting a defense in behalf of his client does not come under the statutory cause of "unavoidable casualty and misfortune." It may, however, be pointed out that in this case The American Institute of Facial Rejuvenation, Inc., retained counsel for itself and the other defendants and that Dr. Laird was instructed by said corporation to present his facts to counsel so retained by it; that he was advised that he need pay no further attention until he was notified of the time of trial.

It may be urged with considerable reason that he could well expect, under the circumstances, that when a change took place such as the dismissal of counsel from the action, that he would receive notice to that effect.

As to the ground given that there was false testimony of material facts concerning this defendant, it may be conceded that standing by itself it would not be sufficient as a ground for vacating the judgment, since it is not alleged that the persons giving such false testimony in the obtaining of the judgment were indicted and convicted of perjury as required by statute. The statutory grounds, however, are not exclusive but cumulative. The court had power under its general equity jurisdiction to set aside this judgment entered, for fraud, and irrespective of and unlimited by the provisions of §11631 GC.

Coates v Chillicothe Branch of State Bank of Ohio, 23 Oh St 415.

Darst v Phillips, 41 Oh St 514.

Michael v American National Bank, 84 Oh St 370 at 380.

Citizens Savings Bank & Trust Co. v Robinson, Admrx., 91 Oh St 421.

We base our conclusion on the case of Ulman, Einstein & Co., v Effinger, 11 Cir. Ct. Rep. (N.S.) 383 and affirmed by the Supreme Court without report (60 Oh St 579) which held:

"1. A judgment may be set aside for fraud, notwithstanding the fact that no defense was made at the time it was rendered, although the defendant was properly served with summons by copy thereof left at her usual place of residence.

2. A judgment procured against a party on an account which she never owed, nor became either directly or indirectly liable for its payment, constitutes a fraud on the court rendering such judgment, which should be set aside in a proper proceeding brought for that purpose.

3. An averment in a petition that goods or merchandise were sold to a husband and that afterwards and before suit is brought to recover the price thereof, the plaintiffs inserted the name of the wife of the husband in said account, and without her knowledge or consent, is a sufficient averment of fraud to constitute a cause of action and a demurrer to such petition and pertinent interrogatories attached thereto is properly overruled."

The case at bar presents the additional element that after service of summons upon defendant, Dr. Laird, an answer was filed in his behalf denying the liability for the injuries plaintiff alleged to have sustained. The amended petition to vacate, in explicit terms, denies that he had any contact whatsoever with plaintiff; denies that he in any way attended to her medically or performed any service with reference to her. The petition in substance alleges that there was procured against Dr. Laird a judgment in an action alleging malpractice against him when he was neither directly or indirectly connected with the matter concerning which complaint is made.

In law the same constitutes a fraud on the court rendering the judgment, which should be set aside when the same is made to appear in a proper proceedings brought for that purpose.

In our opinion the court committed error in the sustaining of the demurrer. Judgment reversed and cause remanded with instructions to overrule the demurrer.

McGILL, J, concurs in judgment.
LIEGHLEY, PJ, dissents.